IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Donna J. Donahue, | Case No. 3:10 CV 2298 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| Michael J. Astrue, | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Donna Donahue filed a timely Complaint (Doc. No. 2) against Michael Astrue, the Commissioner of Social Security, seeking judicial review of the Commissioner's decision to deny disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 416(i) ("the Act"). This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge Vecchiarelli for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). After briefing on the merits by both parties, the Magistrate recommended this Court affirm the final decision of the Commissioner to deny Plaintiff's claims (Doc. No. 17).

The matter is now before this Court on two objections to the R&R filed by Plaintiff (Doc. No. 18). The Commissioner filed a response (Doc. No. 19). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the determination of the Magistrate *de novo*. For the reasons set forth below, this Court adopts the Magistrate's recommendation to affirm the Commissioner's decision.

**BACKGROUND**

The R&R accurately recites the relevant factual and procedural background which this Court adopts (Doc. No. 17 at 1–8). Briefly, Plaintiff was thirty-nine years old when the ALJ determined she was not disabled under the Act. The record contains no evidence Plaintiff was engaged in "substantial and gainful activity" subsequent to her application for disability insurance benefits. She has a tenth-grade education in learning disabled classes, and her past relevant work includes cashier and general laborer, both at a light exertional level (Doc. No. 14 at 2).

Plaintiff has a history of treatment for asthma, fibromyalgia, osteoarthiritis, and chronic pain, and has received treatment from Dr. Paramvir Bains for over seven years (Doc. No. 17 at 3). Dr. Bains referred Plaintiff to several physicians, most notably Dr. Saud Siddiquia, a board certified pain specialist. Dr. Siddiquia treated Plaintiff for sacroiliitis, lumbar spondylosis, restless leg syndrome, and myofascial pain syndrome from 2006 until 2009 (Doc. No. 14 at 2–3).

In May 2006, Dr. Myung Cho, a state agency reviewing physician, completed a residual functional capacity ("RFC") assessment of Plaintiff (AR at 170–77). ("AR" denotes the administrative record, which is on file and available in the Clerk's office.) He found Plaintiff did not suffer from exertional, postural, manipulative, visual, or communicative limitations, and her only environmental limitation was to avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. Dr. Cho did not find evidence of arthritis or fibromyalgia (AR at 175).

In July 2006, Dr. Bains wrote the following on a prescription form: "Above patient is currently under medical management at this office, and with pain clinic for pain control/rehab with a disability start date of April 12, 2006 to indefinite" (AR at 261).

In June 2008, Dr. Gregory Salmi, another state agency reviewing physician, completed an RFC assessment of Plaintiff. This assessment occurred after Plaintiff's application had been denied initially and again upon reconsideration (Doc. No. 17 at 6). Dr. Salmi concluded Plaintiff: could lift twenty pounds occasionally and ten pounds frequently; stand and walk with normal breaks for a total of six hours in an eight-hour work day; sit with normal breaks for less than six hours in a normal work day; only occasionally climb ladders, ropes, or scaffolds and stoop; and avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation (AR at 237–44). Additionally, an exam found no evidence of nerve damage or muscle weakness, and Dr. Salmi opined Plaintiff had a normal gait and was stable (AR at 238). Dr. Salmi added the following (AR at 238):

> Major problem of low back pain thought to be most probably mechanical secondary to facet arthropathy (mild facet fluid noted in lumbar facet joints). Since that time [Plaintiff] has continued to be followed and treated for back pain. A variety of treatments have been tried with variable results. There are no more recent back x[-]rays or MRI's in file. [Plaintiff] is given a light physical [RFC] only from 11/08/06 to present. Initial and reconsideration decisions affirmed as written to 11/07/06.

Plaintiff applied for disability insurance benefits in February 2006, alleging disability since December 2003 (Doc. No. 14 at 2). As mentioned above, her application was denied initially and once again upon reconsideration. In March 2009, after an administrative hearing and review of the medical record, Administrative Law Judge ("ALJ") Jeffrey Griesheimer determined Plaintiff was not disabled under the Act. In August 2010, the Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. The Magistrate's R&R fully adopted the decision of the Commissioner, to which Plaintiff now objects.

### STANDARD OF REVIEW

In reviewing the denial of disability insurance benefits, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the

3

correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) ("[R]eview of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings . . . are supported by substantial evidence."). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings as to any fact, if supported by substantial evidence, "shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)).

Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, this Court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Procedural errors, however, can be a basis for overturning the decision of the Commissioner, even if that decision is supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## STANDARD FOR DISABILITY

Eligibility for disability insurance benefits is predicated on the existence of a disability. 42 U.S.C. § 423(a). "Disability" under the Act is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). In addition, "[a]n individual shall be determined to

be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work that exists in the national economy. . . ." *Walters*, 127 F.3d at 529 (citing 42 U.S.C. § 423(d)(2)). Benefit recipients must also meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-step sequential analysis set out in agency regulations. *See* 20 C.F.R. § 416.920. The five steps can be summarized as follows:

1. If a claimant is doing "substantial gainful activity," she is not disabled.

2. If a claimant is not doing "substantial gainful activity," she must have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities.

3. If a claimant is not doing "substantial gainful activity" and is suffering from a "severe" impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

5. Even if claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

Under this five-step analysis, the claimant has the burden of proof in steps one through four. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. The Commissioner must determine whether the claimant has the RFC to perform available work in the national economy given the claimant's age, education, and past work experience. *Id.*; *see also Bowen v. Yuckert*, 482

U.S. 137, 146 n.5 (1987). Only if Plaintiff satisfies each element of the analysis, including inability to do other work, and meets the durational requirements, is she deemed disabled. 20 C.F.R. § 404.1520(b)–(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

In determining Plaintiff was not disabled under the Act, the ALJ made the following relevant findings:

1. Plaintiff has not engaged in "substantial gainful activity" under step one (AR at 19).

2. Plaintiff has "severe" impairments under step two. Those impairments are: lumbar facet syndrome; asthma; restless leg syndrome; fibromyalgia; headaches; and status post bunionectomy (AR at 19).

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments under step three (AR at 23).

4. After careful consideration of the entire record, Plaintiff has the RFC to: lift and/or carry ten pounds frequently and twenty pounds occasionally; sit for two hours at one time for a total of six hours in an eight-hour workday; stand and walk for two hours at one time for a total of six hours in an eight-hour workday; and occasionally stoop (AR at 23).

Specifically, the ALJ found Plaintiff has a sufficient RFC to be capable of performing past relevant work as a cashier and as a general laborer under step four (AR at 26). The Magistrate agreed.

Plaintiff now raises two objections to the R&R: (1) the Magistrate erred in holding Dr. Bain's "disability opinion" was ambiguous and not a "medical opinion;" and (2) the Magistrate erred in not holding Dr. Bains' "opinion" was entitled to great deference. Because both objections require the same analysis, this Court considers them together.

**Plaintiff's Objections**

In her Statement of Errors (Doc. No. 14), Plaintiff alleges the ALJ erred because he failed to give proper weight to the opinions of her treating physicians and instead relied on the RFC assessment of non-examining physicians (Doc. No. 14 at 9). According to Plaintiff, Dr. Bains opined she was disabled, and the ALJ failed to give that opinion appropriate weight, even though it was corroborated by Dr. Siddiqui. The Magistrate disagreed with Plaintiff and held neither Dr. Bains nor Dr. Siddiqui provided Plaintiff with a "disability opinion" for the ALJ to consider (Doc. No. 17 at 12–13). The Magistrate held Dr. Bains' "opinion" was an ambiguous statement -- not a medical opinion under the Act. Plaintiff also failed to supply the Magistrate with evidence Dr. Siddiqui corroborated Dr. Bains' alleged "opinion" (Doc. No. 17 at 12).

Plaintiff objects to the Magistrate's ruling, arguing Dr. Bains' "opinion" was not ambiguous and should have been considered by the ALJ, even if to reject it (Doc. No. 18 at 2–3). While Plaintiff concedes the ALJ was not required to give Dr. Bains' "opinion" controlling weight, she argues Dr. Bains' "opinion" was at least entitled to great deference (Doc. No. 18 at 4).

The opinions of treating physicians are given controlling weight "absent justifiable reasons—made on the record—for discounting those opinions." *Blakely*, 581 F.3d at 408 (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *4–5). The ALJ must give controlling weight if the treating source opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).

It is undisputed Dr. Bains is Plaintiff's treating physician. However, the Magistrate correctly held Dr. Bains did not provide a "disability opinion" for the ALJ to consider in determining Plaintiff's

7

disability status. Medical "opinions" under the Act are statements about the nature and severity of a patient's impairments, including symptoms, diagnosis, prognosis, what a patient can still do despite impairments, and a patient's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). While the medical opinion of a treating physician should be given greater weight than those of physicians hired by the Commissioner, *see Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983), this is only true when a treating physician's opinion is based on sufficient objective medical data and is not contradicted by other evidence in the record. 20 C.F.R. §§ 404.1527(d)(3) and 416.927(d)(3); *Jones v. Sec'y of Health and Human Servs.*, 945 F.2d 1365, 1370 (6th. Cir. 1991). "Ultimately, the determination of disability is the prerogative of the [Commissioner], not the treating physician." *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 367 (6th. Cir. 1984). Brief conclusory statements from treating physicians are not dispositive of the issue. *Id.*

As the Magistrate noted, the only statement from a treating physician referencing Plaintiff as having a disability is a conclusory note by Dr. Bains written on a prescription form in July 2006. The note read (AR at 261):

> Above patient is currently under medical management at this office, and with pain clinic for pain control/rehab with a disability start date of April 12, 2006 to indefinite.

This is an ambiguous statement and not evidence Plaintiff is disabled within the meaning of the Act. The note is not a medical "opinion" as defined by agency regulations: it fails to reference objective tests or clinical findings, fails to include a diagnosis or prognosis, and does not otherwise explain the basis for the opinion. Indeed, the note says Plaintiff has suffered from disabling pain as of April 2006, but cannot say how long it may last. The note fails to state a nexus between the conclusion of disability and any physical findings. On the other hand, the Commissioner relied in part on the June

8

2008 RFC assessment by Dr. Salmi, a state agency physician who provided a "disability opinion" supported by clinical data and findings.[1]

Accordingly, the Magistrate correctly determined Dr. Bains did not provide a medical "opinion" for the ALJ to consider. As such, the ALJ did not have a treating physician's opinion to explain away. In other words, Dr. Bains' statement was not entitled to controlling deference or even great deference -- it was entitled to no deference whatsoever. Furthermore, Plaintiff's assertion the ALJ "cavalierly dismissed" Dr. Bains' opinions is not supported by the record (Doc. No. 18 at 2). The ALJ did discuss Dr. Bains and his treatment of Plaintiff (AR at 19–22). The ALJ decision included "careful consideration of the entire record" (AR at 19, 23).

## CONCLUSION

For the foregoing reasons, this Court holds the Commissioner's decision to deny Plaintiff disability insurance benefits was based on substantial evidence. This Court adopts the Magistrate's R&R (Doc. No. 17) to affirm the Commissioner's decision.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 22, 2011

---

[1] Plaintiff argues the Magistrate incorrectly determined Dr. Salmi reviewed Dr. Bains' July 2006 "opinion" as part of his 2008 RFC assessment of Plaintiff (Doc. No. 18 at 3). Although Dr. Bains' note existed at the time of Dr. Salmi's review, Plaintiff contends it was not part of the record until September 2007 and thus could not have been considered in the November 2006 reconsideration decision ultimately reviewed by Dr. Salmi (Doc. No. 18 at 3). Even if so, as already discussed, there was no "disability opinion" from Dr. Bains. Further, Dr. Salmi completed his disability determination of Plaintiff on June 4, 2008 -- well after the date Dr. Bains' note was allegedly discovered (AR at 244). Finally, Dr. Salmi was not reviewing the 2006 reconsideration decision; he was conducting an independent RFC assessment of Plaintiff and, in doing so, based his medical opinion "on all evidence in [Plaintiff's] file (clinical and laboratory findings; symptoms; observations; lay evidence; reports of daily activities, etc.)" (AR at 237).